UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT F. MILLER, | ) | Case No. 3:08CV2098 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE PATRICIA GAUGHAN |
| | ) | (Magistrate Judge McHargh) |
| WANZA JACKSON, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Robert F. Miller ("Miller") has filed a petition for a writ of habeas corpus through counsel, arising out of his 2006 convictions for attempted burglary, and breaking and entering, in the Auglaize County (Ohio) Court of Common Pleas. In his petition, Miller raises a single ground for relief:

> 1. The remedy that the Ohio Supreme Court set forth in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violates the Due Process Clause of the United States Constitution.

(Doc. 1, at § 12.)

I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> On October 20, 2006, Miller entered a residence in Auglaize County, Ohio. While there, Miller took various items, including CDs, DVDs, computer peripherals, and credit cards. Miller also broke into an outbuilding which was unattached to the residence and drove the resident's lawnmower. The resident found Miller taking the items from the residence, and Miller then fled the residence.
>
> On November 14, 2006, the Auglaize County Grand Jury indicted Miller on one count of burglary in violation of R.C. 2911.12(A)(1), and a second degree felony; one count of breaking and entering in violation of R.C. 2911.13(A), and a fifth degree felony; and two counts of theft, violations of R.C. 2913.02(A)(1) and fifth degree felonies.
>
> On December 5, 2006, Miller entered into a plea agreement. Pursuant to the agreement, Miller pled guilty to one count of burglary and one count of breaking and entering. In exchange, the prosecution dismissed the two theft counts. The trial court accepted Miller's guilty plea and found Miller guilty.
>
> That same day, the trial court sentenced Miller to an eight year prison term for the burglary charge and a twelve month prison term for the breaking and entering charge. The trial court ordered the terms of imprisonment be served consecutively.

(Doc. 4, RX 6, at 2-3; State v. Miller, No. 2-07-02, 2007 WL 2694387, at *1 (Ohio Ct. App. Sept. 17, 2007).)

On direct appeal, Miller set forth a single assignment of error:

> The trial court erred when it sentenced Mr. Miller to serve maximum and consecutive prison terms. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Section 16, Article I, Ohio Constitution.

2

(Doc. 4, RX 4, at 2.)  The state court of appeals affirmed his conviction and sentence. (Doc. 4, RX 6, at 3-5; Miller, 2007 WL 2694387, at *1-*2.)

Miller filed an appeal with the Supreme Court of Ohio, setting forth three propositions of law:

> 1.  The remedy that this Court set forth in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, [845 N.E.2d 470], violates the Due Process Clauses of the Ohio and United States Constitutions.
>
> 2.  The Foster remedy violates the constitutional protection of the separation of powers.
>
> 3.  The Ohio Revised Code, in its present state, does not authorize consecutive prison terms.

(Doc. 4, RX 7.)  On Feb. 6, 2008, the state supreme court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 4, RX 9; State v. Miller, 116 Ohio St.3d 1508, 880 N.E.2d 483 (2008).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III. DUE PROCESS CLAUSE

The respondent argues that Miller's due process ground is without merit, and that the petition should be denied. (Doc. 4, at 6-10.)

4

On direct appeal, Miller set forth a single assignment of error: "The trial court erred when it sentenced Mr. Miller to serve maximum and consecutive prison terms." (Doc. 4, RX 4, at 2.) The state court of appeals overruled his assignment of error, ruling as follows:

> . . . Miller argues that the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, eliminated findings and the statutory presumption of minimum and concurrent sentences. Miller argues he had a legitimate expectation that he would be "deprived of his liberty only to the extent determined by statute" and that since he was sentenced without those protections, he was deprived of his liberty without due process. Miller also argues that courts may only impose a sentence that is authorized by the sentencing statutes and that after Foster severed R.C. 2929.14(E)(4) there is no law that authorizes consecutive prison terms. Miller argues that "with no statutory guidance regarding whether consecutive or concurrent sentences should be imposed, the trial court had a statutory duty to impose concurrent prison terms in Mr. Miller's case."
>
> This court has previously held that the Ohio Supreme Court's decision in Foster does not violate the due process clause. State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, at ¶¶ 14-20. For the reasons expressed by this court in McGhee, we find that Miller's due process argument lacks merit.
>
> In addition, the Foster decision was released by the Ohio Supreme Court on February 27, 2006. Foster, 2006-Ohio-856. Miller committed his crimes on October 20, 2006, which was several months after the Foster decision was released. Thus, Miller was aware when he committed the offenses that the trial court had "full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, paragraph seven of the syllabus. And, the trial court sentenced Miller within the applicable statutory range of sentences for the crimes which he was convicted. See R.C. 2929.14(A).
>
> Moreover, this court has previously held that the trial court has the authority to impose consecutive sentences after the Foster decision. State v. Gonzales, 3d Dist. No. 5-06-43, 2007-Ohio-3132, at ¶¶ 11-13,

quoting State v. Worrell, 10th Dist. No. 06AP-706, 2007-Ohio-2216.
For those same reasons, we find that Miller's argument lacks merit.

(Doc. 4, RX 6, at 3-5; Miller, 2007 WL 2694387, at *1-*2.)

Miller's petition argues that Ohio's sentencing scheme, as modified by the decision in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 549 U.S. 979 (2006), violates the Due Process Clause of the U.S. Constitution.  This district court may grant a petition for a writ of habeas corpus only if the state court adjudication in Miller's case resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.  Williams, 529 U.S. at 412-413; Lorraine, 291 F.3d at 421-422.

The state court of appeals referred to a previous decision, State v. McGhee, in supporting its denial of Miller's due process arguments.  (Doc. 4, RX 6, at 4; Miller, 2007 WL 2694387, at *1.)

In McGhee, the defendant's original sentence had been vacated by the state court of appeals, based on Foster, and remanded for resentencing.[1]  State v. McGhee, No. 17-06-05, 2006 WL 2796275, at *1 (Ohio Ct. App. Oct. 2, 2006).  The defendant-appellant subsequently challenged his sentence on remand, asserting the following assignment of error:  "The sentence imposed on remand was imposed pursuant to a judicially-created version of Ohio sentencing laws that, applied

---

[1] Because Miller was sentenced after the Foster decision, the ex post facto aspect of the due process issue does not arise in this case.

retroactively to Mr. McGhee, violated his right to freedom from ex post facto laws."
Id.

Addressing McGhee's federal claim, the court found that federal circuit courts had employed three arguments "in finding that Booker[2] does not violate the ex post facto clause because there has been no due process violation." McGhee, 2006 WL 2796275, at *5. First, defendants were on notice as to the statutory maximum, regardless of whether the guidelines were mandatory, and the court found this to be true as to the Ohio criminal statutes as well. Second, the defendant had notice after Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), that state sentencing statutes were likely to be subject to judicial scrutiny. Id. at *5-*6. And finally, for those reasons, and "because McGhee was unlikely to amend his criminal behavior in light of a sentencing change, we cannot find the Ohio Supreme Court's holding in Foster violates federal notions of due process." Id. at *7.

Miller's petition does not explicitly address how the court of appeals decision in his case resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Rather, he attacks Foster directly. (Doc. 1, at 14-17.) Miller contends that his (post-Foster) sentencing was "devoid of the protections originally enacted by the Ohio legislature, resulting in a

---

[2] United States v. Booker, 543 U.S. 220 (2005), found federal sentencing guidelines to be unconstitutional because judges made findings of fact to determine sentences.

constitutional violation that the United States Supreme Court has soundly condemned." Id. at 16, citing Hicks v. Oklahoma, 447 U.S. 343 (1980). By extension, then, Miller argues that the Ohio Court of Appeals decision in his case was contrary to Hicks v. Oklahoma. The state court decision would be contrary to clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Hicks v. Oklahoma]." Williams, 529 U.S. at 405. See also Price, 538 U.S. at 640.

> In Shie v. Smith, this court provided a synopsis of Hicks:
>
> Under Oklahoma law, a defendant has the right to have his punishment determined by a jury. [Hicks,] 447 U.S. at 345. In Hicks, the trial court instructed the jury that, if it found the defendant guilty, it must sentence him to 40 years' imprisonment under Oklahoma's habitual offender statute. Id. at 344-45. The jury found the defendant guilty and imposed the mandatory 40-year prison term. Following the conviction, the habitual offender statute was rendered unconstitutional. Thus, on appeal, the defendant sought to have his sentence vacated. The appeals court affirmed the sentence, however, holding that the defendant was not prejudiced by the application of the unconstitutional statute because the sentence was within the range that the jury could have imposed on him. Id. The United States Supreme Court reversed. It found that statute requiring a jury to determine a defendant's sentence "created a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion ..." and that the appeals court's affirmance of the sentence deprived Hicks of that liberty interest without due process of law. Hicks, 447 U.S. at 346.
>
> Hicks is obviously distinguishable from the instant case. Oklahoma law provides defendants an absolute statutory right to a sentence imposed by a jury. Ohio law does not.

Shie v. Smith, No. 1:08CV194, 2009 WL 385617, at *4-*5 (N.D. Ohio Feb. 13, 2009).

See also Hooks v. Sheets, No. 1:07CV520, 2008 WL 4533693, at *4 (S.D. Ohio Oct.

8

3, 2008), aff'd, —F.3d —, 2010 WL 1655578 (6th Cir. Apr. 27, 2010) (Ohio Supreme Court found that Ohio legislature specifically delegated sentencing role to judges, not juries).

In light of this reasoning, federal and state courts in Ohio have rejected arguments that a defendant has a state-created "liberty interest" in Ohio's pre-Foster sentencing statutes. Shie, 2009 WL 385617, at *5 (citing cases); Hooks, 2008 WL 4533693, at *5. This court finds these decisions persuasive.

Similarly, the court does not find that Miller's sentencing under the post-Foster regime is in violation of the Due Process Clause. The core due process concerns in this context are "notice, foreseeability, and, in particular, the right to fair warning." United States v. Barton, 455 F.3d 649, 654 (6th Cir.), cert. denied, 549 U.S. 1087 (2006) (citing Rogers v. Tennessee, 532 U.S. 451, 459 (2001)); see also Schweitzer v. Williams, — F.Supp.2d —, 2010 WL 649736, at *17 (N.D. Ohio Feb. 19, 2010).

Miller had fair warning and notice of the penalties he faced. Foster did not change the statutory elements of the crimes at issue, nor did Foster change the statutory range of potential penalties for those crimes. Hooks, 2008 WL 4533693, at *4. See generally Schweitzer, 2010 WL 649736, at *18 (citing State v. Elmore, 122 Ohio St.3d 472, 912 N.E.2d 582 (2009)).

As the state court of appeals pointed out, "the Foster decision was released by the Ohio Supreme Court on February 27, 2006, . . . [and] Miller committed his crimes on October 20, 2006, which was several months after the Foster decision was

9

released." (Doc. 4, RX 6, at 4; Miller, 2007 WL 2694387, at *2.) Thus, Miller had fair warning and notice that Ohio trial courts had discretion to impose sentences within the statutory range, without the requirement to give reasons for imposing maximum, consecutive, or more than minimum sentences. Id.

Moreover, Miller was specifically made aware of the penalties he faced during his plea negotiations. The negotiated plea agreement signed by Miller and his defense counsel notified Miller that the maximum sentence he faced for the crimes was an eight year prison term for the burglary charge and a twelve month prison term for the breaking and entering charge. (Doc. 4, RX 2, at 2.) Miller was sentenced to eight years for burglary and twelve months for breaking and entering, to be served consecutively. (Doc. 4, RX 3, at 3.)

In addition, this court has noted that "there has never been an absolute entitlement to concurrent or consecutive sentences in the State of Ohio." Shie, 2009 WL 385617, at *5. In fact, there was a common-law presumption in favor of consecutive sentences. Id. After the Foster decision, Ohio has no statutory presumption in favor of either concurrent or consecutive sentences. Id. The U.S. Supreme Court recently ruled that the Sixth Amendment does not prohibit judges from imposing consecutive, rather than concurrent, sentences. Oregon v. Ice, 129 S.Ct. 711 (2009); Adams v. Kelly, No. 4:09CV137, 2009 WL 5061766, at *11 (N.D. Ohio Dec. 15, 2009); Shie, 2009 WL 385617, at *3.

Miller raises an additional argument in his Traverse, which was not raised in the petition itself. Miller argues that "the United States Supreme Court has held

that a state court cannot apply the Booker severance to state sentencing statutes in the manner that the Foster court applied Booker to Ohio's statutes." (Doc. 5, at 5, citing Cunningham v. California, 549 U.S. 270 (2007).)

The respondent argues that Cunningham was based on an entirely different sentencing scheme from Ohio's, and cannot be extended to cover Foster. (Doc. 7, at 6.) The respondent points out that Cunningham is properly read to approve of Ohio's remedy. (Doc. 7, at 2.) This court recently came to the same conclusion:

> The [Supreme] Court stated: "We note that several States have modified their systems in the wake of Apprendi and Blakely to retain determinate sentencing. They have done so by calling upon the jury – either at trial or in a separate sentencing proceeding – to find any fact necessary to the imposition of an elevated sentence. As earlier noted, California already employs juries in this matter to determine statutory sentencing enhancements. * * * Other states have chosen to permit judges genuinely 'to exercise broad discretion ... within a statutory range,' which 'everyone agrees,' encounters no Sixth Amendment shoal." Cunningham, 549 U.S. at 294, 127 S.Ct. at 871. The latter course was chosen by the Ohio Supreme Court in Foster.
>
> Moreover, nothing in Cunningham prohibits the Ohio Supreme Court from fashioning the Foster remedy by severing sentencing considerations and, thereby, authorizing discretionary sentences beyond the statutory minimum without findings under O.R.C. § 2929.14(B).

Schweitzer, 2010 WL 649736, at *12. See also Hooks, 2008 WL 4533693, at *5; Watkins v. Williams, No. 3:07CV1296, 2008 WL 2484192, at *6-*7 (N.D. Ohio June 9, 2008).

The court finds that Miller has failed to demonstrate that the state court decision concerning his due process claims was contrary to, or involved an

unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## IV.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Miller has failed to demonstrate that the state court decisions concerning his due process claims were contrary to, or involved an unreasonable application of, clearly established federal law.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.

Dated:   May 13, 2010                           /s/ Kenneth S. McHargh
                                                         Kenneth S. McHargh
                                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).