UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Robert F. Miller,** | ) | **CASE NO. 3:08 CV 2098** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Keith Smith,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge McHargh (Doc. 9), which recommends dismissal of the Petition for Writ of Habeas Corpus now pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**INTRODUCTION**

Petitioner, Robert F. Miller, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated following his conviction after pleading guilty to one count of burglary and one count of breaking and entering for acts he committed on October 20, 2006. Petitioner was sentenced to eight years in prison for the

1

burglary and 12 months in prison for the breaking and entering, to be served consecutively. This matter has been fully briefed and the Magistrate Judge has issued his Report and Recommendation recommending that the Petition be dismissed. Petitioner has filed Objections to the Report and Recommendation.

## **STANDARD OF REVIEW**

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **DISCUSSION**

The Petition sets forth a single ground for review:

> The remedy that the Ohio Supreme Court set forth in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856[, 845 N.E.2d 470,] violates the Due Process Clause of the United States Constitution.

Magistrate Judge McHargh concluded that this ground lacks merit. The Court accepts this determination.

Petitioner objects to the Magistrate Judge's conclusion. Petitioner's Objections concentrate exclusively on an *ex post facto* argument. Specifically, petitioner argues the following:

> [Petitioner's] sentencing under *State v. Foster,* 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), violated his right to due process under the United States Constitution by retroactively subjecting him to a statutory maximum sentence that exceeded the maximum sentence to which he was subject when the alleged offenses were committed. Due process prohibits retroactive application of any judicial construction of a criminal statute that is unexpected and

2

> indefensible by reference to the law as expressed prior to the
> conduct at issue. *Bouie v. Columbia,* 378 U.S. 347, 354 (1964).
> Relying on *Bouie,* the Supreme Court of Ohio recognizes that "an
> unforeseeable judicial enlargement of a criminal statute, applied
> retroactively, operates precisely like an *ex post facto* law[,]" and
> thus violates the Due Process Clause of the Fourteenth
> Amendment to the United States Constitution. *State v. Garner,* 74
> Ohio St. 3d 49, 57, 656 N.E.2d 623 (1995) (quoting *Bouie,* 378
> U.S. at 353 (internal citations omitted)).

Petitioner then concludes that "application of the *Foster* remedy to Mr. Miller's case implicates the *ex post facto* guarantees inherent in the Due Process Clause." Petitioner further argues that even after *Blakely v. Washington,* 542 U.S. 296 (2004), Ohio defendants could not have foreseen the Supreme Court of Ohio's adoption of the *Foster* severance remedy.

Upon review, the Court agrees with the Magistrate Judge that this ground lacks merit. Petitioner was not sentenced "retroactively" under *Foster* as he claims. The Ohio Supreme Court decided *Foster* on February 26, 2006. Petitioner did not commit his crimes until October 20, 2006.[1] Even if the Court were to accept petitioner's argument that *Foster* was an "unforeseeable judicial enlargement of a criminal statute," the due process concerns petitioner raises do not come into play because *Foster* was decided well before petitioner committed his crimes. Thus petitioner had ample notice and fair warning that the sentencing judge had broad discretion to sentence him to any term within the statutory range without any additional findings

---

[1] In his Objections, petitioner does not appear to recognize when his conduct occurred in relation to *Foster*. Along with the argument quoted above, he further states that "[b]efore *Foster,* when the alleged offenses in this case occurred, the law required (with limited exceptions) that the sentencing court impose the shortest prison term authorized for the offense . . . ." The Court finds this surprising, as in his Traverse (represented by the same attorney) petitioner stated "[t]he trial court sentenced Mr. Miller to an aggregate term of nine years of imprisonment. At that time, the Ohio Supreme Court had already decided *State v. Foster,* 109 Ohio St. 3d 1, 845 N.E.2d 470 (Ohio Sup. Ct. 2006)."

to impose a maximum or consecutive sentence. Moreover, the statutory maximums at the time he committed the crimes were eight years for burglary and 12 months for breaking and entering. Those statutory maximums did not change between the time he committed the crimes and the time that he was sentenced. The state court decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. Accordingly, this claim lacks merit.

### **CONCLUSION**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is DISMISSED as without merit. Further, this Court hereby fully incorporates the Report and Recommendation by reference herein. For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity.

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date: 7/19/10